# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-126V
Filed: April 10, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMBER BAKER, as Parent and Representative of OLIVER BAKER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Damages decision based on stipulation; HiB vaccine; Prevnar vaccine; Polio vaccine; Rotavirus vaccine; Hepatitis B vaccine; DTaP vaccine; seizure disorder; infantile spasms; developmental delay |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Katherine D. Gonyea, Houston, TX, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On April 10, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms.   Petitioner alleges that her son Oliver developed a seizure disorder and/or infantile spasms that were caused by his February 25, 2009, receipt of Haemophilus influenza B ("HIB"), Pneumococcal conjugate ("Prevnar"), Polio, Rotavirus, Hepatitis B, and Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccines.   Petitioner further alleges that Oliver developed developmental delays as sequelae of this alleged injury and that

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Oliver experienced residual effects of this injury for more than six months.   Respondent denies that Oliver's seizure condition and/or infantile spasms, the sequelae of either condition, or any other condition, were caused by his February 25, 2009 vaccinations.   Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.   The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.   Pursuant to the stipulation, the court awards:

a.   a lump sum of **$99,663.18**, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006).   The award shall be in the form of a check for **$99,663.18** made payable to petitioner as guardian/conservator of Oliver's estate; and

b.   a lump sum of **$100,336.82**, in the form of a check made payable jointly to petitioner and

> TMHP/Medicaid
> Attn: Tort Receivables
> TPL/Tort Department
> P.O. Box 202948
> Austin, TX 78720-2948.

Petitioner agrees to endorse this check to the State.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>April 10, 2014</u>                                              <u>s/ Laura D. Millman</u>
                                                                                          Laura D. Millman
                                                                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
**************************************
                                    *
AMBER BAKER, as parent and          *
representative of OLIVER BAKER,     *
                                    *
              Petitioner,           *          No. 12-126V
                                    *          SPECIAL MASTER
v.                                  *          LAURA MILLMAN
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
**************************************
```

STIPULATION

The parties hereby stipulate to the following matters:

1.      On behalf of her son, Oliver Baker, petitioner filed a petition for vaccine

compensation under the National Vaccine Injury Compensation Program, 42 U.S.C.

§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries

allegedly related to Oliver's receipt of Haemophilus influenzae B ("HiB"), Pneumococcal

conjugate ("Prevnar"), Polio, Rotavirus, Hepatitis B, and Diphtheria-Tetanus-acellular Pertussis

("DTaP") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42

C.F.R. § 100.3 (a).

2.      Oliver received HiB, Prevnar, Polio, Rotavirus, Hepatitis B, and DTaP

immunizations on February 25, 2009.

3.      These vaccines were administered within the United States.

4.      Petitioner alleges that Oliver developed a seizure disorder/and or infantile spasms

that were caused in fact by his HiB, Prevnar, Polio, Rotavirus, Hepatitis B, and DTaP

vaccinations administered on February 25, 2009. She further alleges that Oliver developed

developmental delays as sequelae of the alleged injury, and that Oliver experienced residual effects of this injury for more than six months.

5.       Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Oliver as a result of his condition.

6.       Respondent denies that Oliver's seizure condition and/or infantile spasms, the sequelae of either condition, or any other condition, were caused-in-fact by his HiB, Prevnar, Polio, Rotavirus, Hepatitis B, and DTaP vaccinations administered on February 25, 2009.

7.       Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.       As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.       A lump sum of $99,663.18 in the form of a check payable to petitioner as guardian/conservator of Oliver's estate.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

   b.       A lump sum of $100,336.82 in the form of a check payable to petitioner and

TMHP/Medicaid
Attn: Tort Receivables
TPL/Tort Department
PO Box 202948
Austin, TX 78720-2948.

Petitioner agrees to endorse this payment to the State.

9.       As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation, will be used solely for the benefit of Oliver as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of Oilver's estate under the laws of the State of Texas.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of Oliver's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of Oliver Baker at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties

appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Oliver Baker upon submission of written documentation of such appointment to the Secretary.

14.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Oliver, on behalf of herself, Oliver, and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Oliver resulting from, or alleged to have resulted from, the HiB, Prevnar, Polio, Rotavirus, Hepatitis B, and DTaP vaccinations administered on February 25, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about February 24, 2012, in the United States Court of Federal Claims as petition No. 12-126V.

15.     If Oliver should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

4

except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of

the parties hereto to make any payment or to do any act or thing other than is herein expressly

stated and clearly agreed to.  The parties further agree and understand that the award described in

this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

      18.     This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that Oliver's seizure condition and/or infantile spasms,

the sequelae of either condition, or any other condition were caused-in-fact by his HiB, Prevnar,

Polio, Rotavirus, Hepatitis B, and DTaP vaccinations administered on February 25, 2009.

      19.     All rights and obligations of petitioner hereunder shall apply equally to

petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of

Oliver Baker.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

PETITIONER:

_Amber Baker_
AMBER BAKER


ATTORNEY OF RECORD FOR
PETITIONER:

_Katherine M. Gonyea_
KATHERINE M. GONYEA
Dow, Golub, Remels & Beverly, LLP
9 Greenway Plaza, Suite 500
Houston, Texas 77046
713-536-3700


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Vito Caserta_
VITO CASERTA, M.D., M.P.H
Acting Director, Division of
Vaccine Injury Compensation
Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857


Dated: _____


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_
VINCENT J. MATANOSKI
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_Debra A. Filteau Begley_
_by Traci R. Patton_
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

6.